**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

CIVIL ACTION NO. 07-57-C

JODY C. COLLINS, ET AL.,                                         PLAINTIFFS,

V.                          **MEMORANDUM OPINION AND ORDER**

COMMONWEALTH INDUSTRIES, ET AL.,                        DEFENDANTS.

* * * * * * * * * *

This matter is before the court upon the defendants' motion for summary

judgment (R. 47).  The court, having reviewed the record and being otherwise

sufficiently advised, will grant the motion.

**I.  Factual Background and Procedural History**

The plaintiffs, who are recipients of pension benefits from the

Commonwealth Industries, Inc. Cash Balance Plan ("Plan"), submitted individual

written requests to the defendants for plan information pursuant to provisions of

the Employee Retirement Income Security Act of 1974 ("ERISA").  29 U.S.C. §

1001, *et seq*.  They allege that the defendants failed to provide some of that

information in accordance with ERISA §§ 104(b)(4), 502(a)(1)(A), (c)(1).[1]  29

_____

[1] Although the plaintiffs allege breaches of express Plan provisions and
breaches of ERISA's statutory, fiduciary duty in response to the instant motion,
they did not state those claims in their complaint.  In their letters to the Plan, the
plaintiffs requested information pursuant to ERISA §§ 104(b)(4), 105(a), and
502(c)(1), and the complaint refers to those requests.  The plaintiffs' only claim for
relief in the amended complaint is brought under ERISA §§ 104(b)(4) and
502(a)(1)(A), and states that the "Defendants have failed to timely provide all the
requested information as specifically requested in writing by each participant

U.S.C. §§ 1024(b)(4), 1132(a)(1)(A), (c)(1).

Specifically, the plaintiffs claim that the defendants did not provide the following documents within the required thirty days: (1) a complete copy of all ERISA § 204(h) notices; (2) a complete copy of the Plan amendments; (3) a statement of the Plaintiff's respective normal retirement accrued benefit; and (4) a complete copy of the Plan document reflecting the form of benefits available upon retirement – as represented on the Plan retirement application.  The plaintiffs admit that all of the documents have now been provided to almost all of the plaintiffs, and they are now requesting that the court enforce ERISA provisions that allow for a fine of $110 per day for each document that was not provided within the thirty days specified in the statute.  The defendants move for summary judgment on the plaintiffs' claims.

## II.  Standard of Review

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The moving party can satisfy its burden by demonstrating an absence of evidence to support the non-movant's case. *Id*. at 324-25.  To avoid summary judgment, the non-movant must come forward with evidence on which a jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The non-movant must present

---

Plaintiff."  R. 12, at 20.

more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. P. 56(e).   The court must view all of the evidence in the light most favorable to the party opposing summary judgment.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The plaintiffs, arguing that this motion presents numerous issues of fact that require further discovery, request that the court permit further discovery under Rule 56(f).  They argue in an affidavit attached to their response that the defendants included evidence in their motion that was produced in an untimely manner and that the defendants rely on materials outside the pleadings.  Specifically, the plaintiffs state that the affidavit of Patricia A. Switzer, attached to the defendants' memorandum in support of their motion, was not previously disclosed pursuant to Rule 26 or in response to discovery requests.  The plaintiffs also allege that Margaret McDonald, as referred to in Switzer's affidavit, was not previously disclosed pursuant to Rule 26(a).  Additionally, they raise an issue regarding the relationship between the defendants and the third-party defendant Prudential, and request the opportunity to investigate that relationship.[2]  According to the plaintiffs, it would be premature to consider the defendants' motion without further discovery on these issues.

---

[2] The defendants filed a third-party complaint against Prudential Retirement Insurance & Annuity Company, alleging that it would be liable for any damages awarded against the defendants in this action.

3

The defendants disclosed Switzer's identity in their initial disclosures on April 26, 2007, as required by Rule 26(a).  R. 15.  On July 9, 2007, the defendants disclosed McDonald's name to the plaintiffs in response to interrogatory requests. The plaintiffs did not choose to depose either of these individuals prior to the deadline for filing dispositive motions.  Additionally, Switzer's affidavit was timely provided to the plaintiffs, considering that it was created on July 17, 2008, and filed in the record as an attachment to the defendants' motion on July 21, 2008. The court finds that further discovery is not necessary, and that the plaintiffs have sufficient facts to respond to the pertinent arguments in the defendants' motion. The defendants complied with the Rules in providing information to the plaintiffs, and the plaintiffs chose not to conduct further discovery at those junctures.  "Rule 56(f) is not a substitute for diligently pursuing discovery."  *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 732 (6th Cir. 1996).  With regard to the third-party defendant, Prudential, the court's opinion ends any need the plaintiffs had in conducting discovery relating to that party and its relationship with the defendants.

**III.  Analysis**

**A.  Requested Documents**

ERISA § 104(b)(4) requires that certain documents be provided upon request, including "other instruments under which the plan is established or

4

operated."[3]  The plaintiffs argue that this provision requires the defendants to timely produce each of the four documents at issue, or face penalties under ERISA § 502.

Because the language of the provision is "clear and unambiguous," the court will examine that language, rather than legislative history or other rules of statutory construction, to interpret its meaning. *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 653 (4th Cir. 1996) (citing *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).  "Therefore, the language 'other instruments under which the plan is established or operated' encompasses formal or legal documents under which a plan is set up or managed." *Id.*  The court will analyze each of the disputed documents in turn to determine whether it falls within the language of § 104.

1.  ERISA § 204(h) notices

The plaintiffs each requested that the defendants provide "a complete copy of all ERISA § 204(h) notices issued by the Plan to the Participant prior to the date the Participant terminated service." R. 50-2, at 4.  The plaintiffs state that the defendants first denied that there were any such notices to provide, and then nine months later they produced an ERISA § 204(h) notice.  Additionally, the plaintiffs

---

[3] Under ERISA § 104(b)(4), a plan administrator
shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.
29 U.S.C. § 1024(b)(4).

claim that even when the notice was belatedly provided it was not complete.  On May 30, 2008, the defendants attached the complete notice to a filing in a separate lawsuit.

ERISA § 204(h) requires that a pension plan provide notice to its participants of any amendment which will cause a significant reduction in the rate of future benefit accrual.  29 U.S.C. § 1054(h)(1).  The purpose of a § 204(h) notice is "to give plan participants 'the opportunity to take advantage of an existing benefit before it is lost.'" *Scott v. Admin. Comm. of the Allstate Agents Pension Plan*, 113 F.3d 1193, 1202 (11th Cir. 1997) (citing *Davidson v. Canteen Corp.*, 957 F.2d 1404, 1407 (7th Cir. 1992)).  This type of historical document is not the type of document required to be provided under § 104.  *See Shields v. Local 705, Int'l Bhd. of Teamsters Pension Plan*, 188 F.3d 895, 903 (7th Cir. 1999); *Leung v. Skidmore, Owings & Merrill LLP*, 213 F. Supp. 2d 1097, 1105 (N.D. Cal. 2002).

The defendants state that they did provide the plaintiffs' counsel on March 25, 2006, "with the underlying § 204(h) notification that served as a prelude to the Commonwealth Industries, Inc. Defined Benefit Plan morphing into a Cash Balance Plan effective January 1, 1998." R. 53, at 6.  That communication from the defendants was prior to the participants' individual requests.  The § 204(h) notice is a form communication that does not differ among employees, so it did not need to be sent separately in response to each request.  Thus, the defendants were not required to produce it under ERISA § 104, and even if they were, they had already

6

provided the document to the plaintiffs' counsel.

2.  Plan amendment as of December 31, 1997

The plaintiffs requested "a complete copy of the Plan document in effect as of December 31, 1997, including all amendments."  R. 50-2, at 5.  According to the plaintiffs, the defendants did not initially provide each plaintiff with a copy of a specific Plan amendment – the amendment that brought into being the Commonwealth Industries, Inc. Cash Balance Plan – and it was not provided in full until June 30, 2008, when the defendants attached it to a filing in a separate lawsuit.

The defendants timely provided a comprehensive plan document that contained the full text of the Cash Balance Pension Plan, and the Summary Plan Description of the Cash Balance Plan.  According to the defendants, these documents incorporated the 1997 amendment which was embedded in them word for word when the amendment was adopted.  Thus, the substantive terms of the specific plan amendment were provided to the plaintiffs when they received the other requested documents from the defendants.  *See Crosby v. Rohm & Haas Co.*, 480 F.3d 423, 432 (6th Cir. 2007) (finding that the received documents contained sufficient information to assess a possible claim even though not all the requested documents were provided).

Additionally, the defendants argue that the separate document, full-text version of the 1997 amendment is a historical document that the defendants were

7

not required to produce under § 104(b)(4).  "[O]utdated plan descriptions do not fall into any of the categories of documents a plan administrator must provide to plan participants under section 1024(b).  *Shields v. Local 705, Int'l Bhd. of Teamsters Pension Plan*, 188 F.3d 895, 903 (7th Cir. 1999).  "Had Congress desired that section 1024(b)(4) provide for disclosure of outdated documents, it would have been easy to adopt statutory language to that effect.*"  Leung v. Skidmore, Owings & Merrill LLP*, 213 F. Supp. 2d 1097, 1105 (N.D. Cal. 2002).

   3.  <u>Accrued Benefit Statements</u>

   The plaintiffs requested "the participant's normal retirement accrued benefit as of December 31, 1997 – ."  R. 50-2, at 5.  After the commencement of this action, the defendants produced plan documents referred to as "worksheets" that reflected each of the plaintiff's "respective normal retirement accrued benefit as of December 31, 1997."  R. 50-2, at 6 (quoting Exhibit 6, at 1).

   The plaintiffs argue that these individual worksheets are required to be produced under the applicable ERISA provisions.[4]  *See Bartling v. Fruehauf Corp.*,

_____

   [4] The plaintiffs did not specifically bring a claim under ERISA § 105, 29 U.S.C. § 1025(a), but they argue that these documents should be provided under that provision.  Even if the court were to find such a claim in their complaint, it would not alter the outcome of this motion.  The defendants would not be required to provide the disputed documents under § 105 because the section uses the language "latest available information" in listing the documents which the plan administrator must provide to the participants.  Since the plaintiffs' requested information refers to calculations as of December 31, 1997, the provision is not applicable.  Additionally, the defendants state that the plaintiffs have all cashed out their pension benefits and thus their current benefit calculations, according to the latest available information, would be zero.

8

29 F.3d 1062 (6th Cir. 1994).  However, the statute's "reference to 'other instruments' is . . . properly limited to those class[es] of documents which provide a plan participant with information concerning how the plan is *operated*."  *Allinder v. Inter-City Products Corp.*, 152 F.3d 544, 549 (6th Cir. 1998) (emphasis in original); *see also Crosby*, 480 F.3d at 429 ("The worksheet, as its name suggests, had none of the features of a plan document.  Most notably, it did not purport to summarize any material modifications to the plan.  It instead provided a 'personalized' estimate of [benefits].").  The participant-specific benefit calculations are not documents which provide information on how the plan operated.  Also, the worksheets are not formal plan documents or summaries of material modifications to the plan.  Thus, the defendants were not required to produce the documents within the thirty-day period provided for in the statute.

    4. <u>Retirement Applications</u>

    The final documents which the plaintiffs claim were not timely provided are the Plan retirement applications.  Each plaintiff requested "[a] complete copy of all Plan documents, including but not limited to retirement applications, signed by the Participant, or spouse."  R. 50-2, at 6.  The plaintiffs state that the requested Plan document was entitled "Commonwealth Industries Inc. Cash Balance Plan & Pension Plan Distribution Form."  *Id.*

    The pension plan application forms sought by the plaintiffs are forms completed by the plaintiffs as pension distributees.  The plaintiffs would have

9

completed these forms and sent them in to Commonwealth Industries, Inc. "for purposes of securing the payouts of their respective vested pensions." R. 53, at 10. "[P]recedent has established that claim forms do not fall within the category of documents covered by § 1024." *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 827 (11th Cir. 2001) (citing *Allinder*, 152 F.3d at 548-50). Additionally, such "routine documents with which or by means of which a plan conducts its operation" are not the types of documents Congress meant when it required the production of "formal legal documents that govern or confine a plan's operations." *Board of Trustees v. Weinstein*, 107 F.3d 139, 145 (2nd Cir. 1997).

## B. Penalties

A plan administrator that fails to comply with the requirements of ERISA § 104 within thirty days after a request pursuant to that section may be liable for up to $110 a day. 29 U.S.C. § 1132(c)(1). Even if the court were to assume that the above-mentioned documents should have been provided under § 104, the court is given discretion in awarding penalties under § 502. The defendants acted in a reasonably timely and sufficient manner to comply with the plaintiffs' requests. Many documents were provided to the plaintiffs and the defendants attempted to produce the remaining documents, even trying to timely obtain those that were not in their possession. Thus, the court would not award penalties against the defendants even if they were required to produce the documents within thirty days under ERISA.

IV.  **Conclusion**

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (R. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiffs' claims against the defendants are **DISMISSED**.

The court having dismissed the plaintiffs' claims against the defendants, **IT IS FURTHER ORDERED** that the defendants' third-party claims against Prudential Retirement Insurance & Annuity Company are **DISMISSED**.  Prudential's counterclaim against the defendants for breach of contract remains in the action and may proceed.

Signed on  January 26, 2009

*Jennifer B Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**

11